UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA V. PAVIC, D.O.,

     Plaintiff,

vs.                                   CASE NO. 8:13-cv-02578-EAK-EAJ

LASER SPINE INSTITUTE, LLC
and CRAIG R. WOLFF, M.D.,

     Defendants.

_____/

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Alternative Motion to Strike (Doc. 7), and Plaintiff's Response (Doc. 8). For the reasons set forth below, Defendants' Motion to Dismiss and Alternative Motion to Strike are **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed a Complaint (Doc. 1) against Defendants on October 7, 2013. Plaintiff's Complaint alleges two counts of medical negligence pursuant to Florida Statutes Chapter 766: Count I consists of a medical negligence claim against Defendant Craig R. Wolff, M.D., and Count II consists of a vicarious liability claim against Defendant Laser Spine Institute, LLC. (Doc. 1). Defendants filed a Motion to Dismiss and Alternative Motion to Strike (Doc. 7) on October 24, 2013. Plaintiff filed a Response to Defendants' Motion to Dismiss (Doc. 8) on October 28, 2013.

Plaintiff alleges that she came under the care of Defendants in August 2011 (Doc. 1 at ¶ 6) and sustained injuries from a spinal surgery performed by Dr. Wolff on August 31, 2011 (Doc. 1 at ¶¶ 7, 11). In Count I, Plaintiff claims that—based on her medical history, diagnostic test

results, and imaging studies—the surgery was not medically indicated (Doc. 1 at ¶ 8). Plaintiff also alleges that, in choosing to perform the surgery, Dr. Wolff breached the prevailing professional standard of care because he "knew or should have known that the surgery was not indicated, but chose to perform such surgery for financial gain and with utter disregard for the safety and well being of his patient" (Doc. 1 at ¶¶ 9-10). In Count II, Plaintiff further alleges that Laser Spine Institute is vicariously liable for Dr. Wolff's conduct because Dr. Wolff performed this surgery within the course and scope of his employment with Laser Spine Institute, and Laser Spine Institute allegedly "participated in, ratified, and condoned" Dr. Wolff's actions (Doc. 1 at ¶ 13).

## STANDARD OF REVIEW

### I.  MOTION TO DISMISS

To properly state a claim, Federal Rule of Civil Procedure 8(a)(2) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." This is to ensure fair notice of what the claim alleges and the grounds upon which it is based. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 9 further requires any complaint alleging fraud or mistake to "state with particularity the circumstances constituting the mistake or fraud." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). *Twombly*'s plausibility standard requires that the allegations be more than merely conceivable. *Id*. A factually sufficient complaint "allows the court to draw the reasonable

2

inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard follows two analytical principles. First, the court will not presume the truth of a complaint's legal conclusions. Second, a complaint's well-pleaded factual allegations must allow the court to infer the plausibility, rather than the mere possibility, that the plaintiff is entitled to the relief sought. *Id.* at 678-79.

## II. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that a court may, upon motion by a party or *sua sponte*, order stricken from a pleading any "redundant, immaterial, impertinent, or scandalous matter." A motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Scelta v. Delicatessen Support Services, Inc.*, 57 F.Supp.2d 1327, 1347 (M.D. Fla. 1997) (citing *Seibel v. Society Lease, Inc.*, 969 F.Supp. 713, 715 (M.D. Fla. 1997)). When deciding a motion to strike, "a court must accept the truthfulness of well-pleaded facts and 'cannot consider matters beyond the pleadings.'" *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (citing *Carlson Corp./Southeast v. School Bd. of Seminole County Fla.*, 778 F.Supp. 518 (M.D. Fla. 1991)).

## DISCUSSION

## I.  MOTION TO DISMISS

Defendants argue that this Court should dismiss the Complaint because Plaintiff fails to state a claim in violation of Federal Rule of Civil Procedure 8(a), fails to state a claim upon which relief can be granted in violation of Rule 12(b)(6), and violates the rules of pleading articulated in Rule 9(b). Defendants further argue that the Complaint should be dismissed because Plaintiff's prayer for punitive damages does not "plead sufficient facts to satisfy Florida

3

substantive law regarding entitlement to punitive damages" (Doc. 1 at 6). Finally, Defendants claim that the Complaint should be dismissed because "it is without doubt that the Plaintiff is forum shopping" (Doc. 7 at 11). For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.

### a. Factual Sufficiency of the Complaint

Defendants argue that Plaintiff's Complaint does not contain sufficient factual allegations to state a plausible claim of negligence under the *Twombly* pleading standard. Specifically, Defendants argue that both Count I and Count II of the Complaint contain "nothing more than conclusory statements unsupported by a scintilla of ultimate facts and thus do not meet the pleading requirements of Rule 8(a) and fail to state a claim . . . under Rule 12(b)(6)" (Doc. 7 at 2). In *Twombly*, the Court held that a plaintiff need not include in his complaint "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." 550 U.S. at 570. A Plaintiff must only allege "enough facts to state a claim to relief that is plausible on its face." *Id.* However, to survive a motion to dismiss, a complaint must contain more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 555. This Court finds that both Count I and II of Plaintiff's Complaint are supported by sufficient factual allegations; Defendants' Motion to Dismiss is, therefore, **DENIED**.

Count I of Plaintiff's Complaint meets the requirements of the *Twombly* pleading standard because it specifically alleges facts to support Plaintiff's medical negligence claim against Dr. Wolff. Plaintiff describes the type of surgery performed by Dr. Wolff, states the date Dr. Wolff performed the surgery, and claims that—based on her "presentation, including her history, diagnostic test results, and imaging studies"—the surgery was not medically indicated and would "unnecessarily expose her to injury and damages" (Doc. 1 at ¶ 8). Plaintiff further alleges that

4

Dr. Wolff "knew or should have known that the surgery he performed on [Plaintiff] was not

indicated" and his decision to perform the surgery constitutes a breach of the prevailing

professional standard of care (Doc. 1 at ¶¶ 9-10). Finally, Plaintiff claims that she suffered bodily

injuries and other damages as the direct and proximate result of this breach (Doc. 1 at ¶ 11).

These facts, accepted as true, nudge Plaintiffs medical negligence claim "across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570.

With regards to Count II, this Court finds that Plaintiff alleges sufficient factual material

to state a plausible vicarious liability claim against Laser Spine Institute. Plaintiff specifically

alleges that she came under the care of both Dr. Wolff and Laser Spine Institute in August 2011

(Doc. 1 at ¶ 6). Plaintiff further claims that Dr. Wolff's alleged wrongful conduct "occurred

within the course and scope of Dr. Wolff's employment" with Laser Spine Institute and Laser

Spine Institute "participated in, ratified, and condoned [Dr. Wolff's] wrongful acts or omissions"

(Doc. 1 at ¶ 13). These allegations form a factual basis for a plausible vicarious liability claim.

Accordingly, the allegations articulated in Count II of Plaintiff's Complaint are factually

sufficient to survive Defendants' Motion to Dismiss.

### b. Prayer for Punitive Damages

Defendants further argue that this Court should dismiss the Complaint because Plaintiff

fails to "plead sufficient facts to satisfy Florida substantive law regarding the entitlement to

punitive damages" (Doc. 7 at 6). Plaintiff's only burden when claiming punitive damages in her

pleading is to state the relief to which she believes she is entitled. Plaintiff's Complaint complies

with Federal Rule of Civil Procedure Rule 8 insofar as it states the grounds for this Court's

jurisdiction, alleges wrongful conduct on the part of the Defendants, and claims that such

conduct entitles Plaintiff to the relief requested. Questions regarding Plaintiff's entitlement to

punitive damages under Florida substantive law are improper during the pleading stage; such questions are more appropriate in a motion for summary judgment.

### c. Fraud

There is no indication that Plaintiff attempts to plead fraud, and therefore, the Complaint does not violate Federal Rule of Civil Procedure 9(b). Plaintiff's general allegations of gross negligence are permissible because "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

### d. Forum Shopping

Defendants claim that Plaintiff is forum shopping; this allegation is conclusory and unsubstantiated. Defendants argue that Plaintiff "has decided to take advantage of diversity jurisdiction" to "obtain punitive damages discovery without making the necessary showing under Florida law" (Doc. 7 at 11). Defendants further claim that Plaintiff "is hoping for a tactical advantage in prosecuting or settling this case, without having to address the merits of her claim." *Id.* Defendants have not articulated any basis upon which these forum-shopping accusations are founded. This Court finds that Plaintiff's Complaint properly establishes the grounds for this Court's jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1).

## II. MOTION TO STRIKE

Alternatively, Defendants request that this Court strike portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(f). Specifically, Defendants move to strike paragraphs 6 through 10 in the "Preliminary Allegations" section of the Complaint because they "are totally unrelated to Plaintiff's medical negligence claims" and contain allegations that are "immaterial, impertinent and scandalous," and Defendants move to strike Plaintiff's prayer for punitive damages (Doc. 7 at 5-6). In order for this Court to grant Defendants' Motion to Strike,

Defendants must show that the allegations sought to be stricken have no possible relation to the controversy at hand and that mention of such allegations will likely prejudice Defendants. *Underwriters at Lloyd's, London v. Osting-Schwinn ex rel. C.O.*, 2006 WL 1582146 at \*2 (M.D. Fla. 2006). For the foregoing reasons, Defendants' Alternative Motion to Strike is **DENIED**.

### a. Motion to Strike Punitive Damages

As discussed above, Plaintiff has properly pleaded her prayer for relief, including punitive damages. Plaintiff does not have the burden of establishing "the necessary ultimate facts to support a punitive damages claim" in her Complaint, nor is she required to "demonstrate a reasonable basis for punitive damages based on record or proffered evidence" in her pleadings. Accordingly, Defendants' Motion to Strike Plaintiff's prayer for punitive damages is **DENIED**.

### b. Motion to Strike Paragraphs 6 through 10 of "Preliminary Allegations"

With regards to Defendants' Motion to Strike paragraphs 6 through 10 of the "Preliminary Allegations" section of the Complaint, Defendants have not met their burden of showing that the allegations contained in these paragraphs bear no relationship to the controversy at hand, and they fail to establish that these allegations may cause prejudice to the Defendants. Defendants only offer conclusory statements that the allegations contained in paragraphs 6 through 10 are "totally unrelated to Plaintiff's cause of action for medical negligence" and that these allegations are "immaterial, impertinent and scandalous" (Doc. 7 at 5-6).

The allegations contained in the pertinent paragraphs of the Complaint—that Laser Spine Institute engaged in deceptive marketing practices and "systematically and intentionally fail[ed] to provide unbiased, medically accurate, and complete explanations . . . of procedures available to treat patients" (Doc. 1 at ¶¶ 6-10)—have some possible relation to Plaintiff's vicarious liability claim against Laser Spine Institute. Laser Spine Institute's pattern of behavior, as

7

alleged in paragraphs 6 through 10 of the Complaint, may support Plaintiff's claim that Laser Spine Institute "participated in, ratified, and condoned" Dr. Wolff's decision to perform surgery on Plaintiff "for financial gain and with utter disregard for the safety and well being of his patient." Since Defendants have not sufficiently shown that the allegations in the pertinent paragraphs have no possible relation to Plaintiff's vicarious liability claim, and since Defendants have not shown that prejudice will result from failure to strike, Defendants' Motion to Strike is **DENIED**.

**ORDERED** that Defendants' Motion to Dismiss is **DENIED**, and that Defendants' Alternative Motion to Strike is **DENIED**. The Defendants shall answer this complaint within ten days of this date.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 13th day of June, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.